IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RAUL GONZALEZ HERNANDEZ,**

        **Petitioner,**

v.                                       **Civil Action No. 5:18cv96**
                                           **(Judge Stamp)**

**JOE COAKLEY, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On June 1, 2018, the *pro se* Petitioner, Raul Gonzalez-Hernandez, an inmate at USP Hazelton, filed a Habeas Corpus petition pursuant to 28 U.S.C. § 2241 seeking additional credit against his sentence. On June 11, 2018, the Petitioner paid the requisite five dollar filing fee. On August 29, 2018, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the Respondent. On October 19, 2018, the Respondent filed a Motion to Dismiss or for Summary Judgment with a supporting memorandum and exhibits. On October 22, 2018, a Roseboro Notice was issued. On November 7, 2018, the Petitioner filed a Response.

### II. FACTS

On May 3, 2012, California state authorities sentenced the Petitioner to 60 days in state jail and three years of probation for battery. ECF No. 23-1 at p. 6. On August 16, 2012, California state authorities arrested the Petitioner for violation of parole, a felony.

ECF No. 23-1 at p. 10. He was sentenced to an additional 160 days in California state jail for the parole violation. Id. At p. 12.

On September 4, 2013, the Petitioner was named in Count One of a three count indictment returned by a grand jury in the United States District Court for the Central District of California. See Criminal Case # 8:13-cr-016-AG-10 available on PACER. On September 30, 2015, a Writ of Habeas Corpus ad Prosequendum was issued, and on October 15, 2013, while the Petitioner was still in state jail, the United States Marshal Service took him into custody.  ECF No. 23-1 at p. 15.

On July 31, 2017, the Superior Court of Orange County, California sentenced the Petitioner to four years in state jail for extortion of property by force or fear and an additional 4 months for participating in criminal street gang activity. ECF No. 23-1 at pp. 22-23.  The Court gave him a total of 2,018 days of credit towards his sentence. Id. at p. 25.[1]

On June 12, 2017, the Petitioner pleaded guilty to Count One of the federal indictment which charged him with a "RICO Conspiracy" in violation of 18 U.S.C. § 1962(d). On September 18, 2017, the Petitioner was sentenced to the custody of the Bureau of Prisons for a term of 57 months to be followed by supervised release for a term of three years. ECF No. 23-1 at p. 28. The federal sentencing judge did not make any recommendation whether the federal sentence should be consecutive with or concurrent to any other sentence. Id.

On September 21, 2017, the United States Marshals Service returned the Petitioner

---

[1] More specifically, the Petitioner was given credit for time served as follows: 1755 actual days and 263 conduct days, totaling 2018 days pursuant to Penal Code 2933.1. ECF No. 23-1 at p. 25. The time during which the Petitioner was boarded by the U.S. Marshal Service between October 15, 2017 and September 21, 2017, accounted for 1438 of the actual days.

to California state authorities. ECF No. 23-1 at p. 19. California state authorities determined that the Petitioner had fully satisfied his state prison obligation as of September 22, 2017. Id. Because California state authorities gave the Petitioner credit towards his state sentence for the time he was borrowed by federal authorities and prosecuted in federal court, he was released on September 25, 2017 into the exclusive custody of the United States Marshal Service to begin serving his federal sentence.

The BOP has computed the Petitioner's federal sentence beginning on September 22, 2017, the date he fully satisfied the state prison sentences. The Petitioner's projected release date, via good conduct time is November 10, 2021. Id. at p. 86.

### III. CONTENTIONS OF THE PARTIES

**A.   The Petition**

The Petitioner seeks to clarify his sentencing and the amount of time spent in federal jurisdiction. He alleges that the BOP has miscalculated his "day for day actual days as a pre-trial inmate." ECF No. 1 at p. 5. Although not completely clear, it appears the Petitioner is seeking credit against his federal sentence for the period from October 15, 2013, through September 18, 2017. In completing his petition, he asserted that he presented these facts to the prison's internal grievance procedure but received no response.

**B.   The Respondent's Motion**

The Respondent argues that the petition should be dismissed because the Petitioner failed to exhaust his administrative remedies. However, even if the Petitioner had exhausted his administrative remedies, the Respondent argues that he is not entitled to relief because the time for which he seeks credit was credited towards his state sentence, and a defendant cannot receive double credit for his detention time.

**C.    The Petitioner's Response**

In his response, the Petitioner alleges that his federal sentencing judge was aware that his state case was resolved with time served and there was never any argument from the AUSA.  The Petitioner further argues that grievances he filed in 2014, clearly show the same register number as he has at USP Hazelton and proves that he was in the custody of the BOP as far back as 2014.

### IV. STANDARD OF REVIEW

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46.  In Twombly, the

United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted).  Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level,"Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id.

### B. Summary Judgment

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases.  See  Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals.  Maynard v. Dixon , 943 F.2d 407 (4th Cir. 1991).  Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

## V. ANALYSIS

### Exhaustion of Administrative Grievances

In the response to the petition, the Respondent argues that in the absence of exceptional circumstances, exhaustion is required before a habeas action may be brought. The Respondent maintains that prior to initiating this action, the Petitioner filed no formal grievances to challenge how the BOP computed his sentence or to request additional credit toward his federal sentence. ECF No. 23-2. Therefore, the Respondent requests that the Court dismiss the petition because the claims raised therein are not administratively

exhausted and, therefore, not subject to adjudication. However, the Respondent also addressed the merits of the petition.

While the undersigned does not dispute that the PARA mandates the exhaustion of administrative remedies in Bivens and § 1983 claims, and that similar principles have been applied in habeas corpus actions, dismissal for failure to exhaust in this instance does not appear the most appropriate outcome.  To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute.  Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. See Larrue v. Adams. 2006 WL 16674487 *8 (S.D. W. Va. 2006) (recognizing that several circuit and district courts have found that the exhaustion requirements may be waived under § 2241 and noting that although the Fourth Circuit has not directly addressed this issue, it has shown a willingness to adopt a futility exception to the general exhaustion requirement in habeas corpus actions).

Here, it does appear from the exhibits that the Petitioner failed to exhaust his administrative remedies prior to filing suit in this court, and the Petitioner has not alleged that he was prevented from doing so.  However, this case has been served, a response has been filed and the matter is ripe for review. Therefore, to dismiss this case for the failure to exhaust at this juncture of the litigation would be a waste of judicial time and resources.  Accordingly, the undersigned recommends that exhaustion be waived and this case proceed to a determination on the merits.

**Sentence Calculation**

In general, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Therefore, a federal sentence cannot commence before that sentence is imposed. Id.

Nevertheless, in some cases, a federal sentence may begin prior to the date the Attorney General gains physical custody of the defendant. Title 18 U.S.C. Section 3621(b) gives the Bureau of Prisons the authority to "designate the place of [a] prisoner's imprisonment." Therefore, when a federal court orders its sentence to run concurrently with a previously imposed state sentence, a *nunc pro tunc* designation can be made, whereby the Bureau of Prisons designates a state facility as the place for service of a federal sentence. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(a federal sentence may commence on a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence.") Conversely, when a federal sentencing judge does not indicate whether a defendant is to serve his federal sentence consecutively or concurrently with a previously imposed state sentence, the default position is that the federal sentence will be served consecutively because the federal sentence is one of secondary jurisdiction. See 18 U.S.C. § 3584(a); See also United States v. Saunders, 1998 WL 539482 (C.A.4 (N.C.)).

Here, the federal Court that sentenced the Petitioner did not note in the Judgment and Commitment Order whether the Petitioner's federal sentence should run consecutively or concurrently to the state sentence the Petitioner was serving. ECF No. 12-2 at 19-25. Therefore, the Bureau of Prisons default position was to calculate the Petitioner's federal

sentence as consecutive. Accordingly, the Petitioner's federal sentence was appropriately calculated in accordance with 3584(a) to run consecutive to his state sentence.

Furthermore, the mere fact that a state prisoner is in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence has begun to run. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." United States v. Evans, 159 F.3d 908 at 912. See also Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992)("A prisoner is not even in custody for purposes of section 3585 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.").

The Attorney General, through the Federal Bureau of Prisons, is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

(emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, supra at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See U.S.

v. Brown, 977 F.2d 574 (4th Cir, 1992)(Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences **unless it has been credited against another sentence**).  (emphasis added); U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

The time for which the Petitioner is requesting credit was credited to his state sentence.  Because the Petitioner was merely "loaned" to federal authorities pursuant to a writ of habeas corpus *ad prosequendum*, California retained primary custody over the Petitioner.  Because the Petitioner cannot receive double credit, he is not entitled to any further credit against his federal sentence before September 22, 2017, the date he completed his state sentence obligations and was available to begin serving his federal sentence.

In conclusion, and for purposes of clarification, the undersigned recognizes that the Plaintiff was issued his register number 66880-112, when the United States Marshal assumed custody of him on October 15, 2013. ECF No. 23-1 at p. 15. Their tracking system clearly establishes that he was boarded at various facilities in California for a period of 1466 days between August 15, 2013, and October 24, 2017, including two federal facilities: Los Angeles MDC and MCC San Diego.  However, he was not committed to the custody of the BOP until November 27, 2017. ECF No. 23-1 at p. 86. The Petitioner received credit for the time he was in custody from September 22, 2017, until he arrived at his designated facility, because it had not been credited against any other sentence. Therefore, the Petitioner has received all prior custody credit to which he is entitled, and he is entitled to no further relief.

## VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [ECF No. 22] be **GRANTED**, the Petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**, and the Petitioner's Motion to Clarify Sentencing and Amount of Time Spent Under Federal Jurisdiction Before Sentencing and to Recommend that Defendant Receive all Pre-trial Credit Earned in Federal Jurisdiction [ECF No. 4] be **DENIED as MOOT.**

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied,* 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

ENTER: January 7, 2019

/s James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE