IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAUL GONZALEZ-HERNANDEZ,

    Petitioner,

v.                                    Civil Action No. 5:18CV96
                                                (STAMP)

JOE COAKLEY, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
OVERRULING PETITIONER'S OBJECTIONS,
DENYING AS MOOT PETITIONER'S "MOTION TO CLARIFY
SENTENCING AND AMOUNT OF TIME SPENT UNDER
FEDERAL JURISDICTION BEFORE SENTENCING AND TO
RECOMMEND THAT THE DEFENDANT RECEIVE ALL PRE-TRIAL
JAIL CREDIT EARNED IN FEDERAL JURISDICTION"
AND DENYING AS UNTIMELY PETITIONER'S
"MOTION FOR SENTENCING HEARING"**

I. Background

The pro se[1] petitioner, Raul Gonzalez-Hernandez, filed a petition for habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). ECF No. 1. The petitioner also filed motions titled as "Motion to Clarify Sentencing and Amount of Time Spent Under Federal Jurisdiction Before Sentencing and to Recommend that the Defendant Receive All Pre-trial Jail Credit Earned in Federal Jurisdiction" (ECF No. 4) and "Motion to Enter Sentencing Hearing" (ECF No. 32). The action was referred to United States Magistrate Judge James P.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

Mazzone for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

The pro se petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241. ECF No. 1. In the petition, the petitioner contends that the Federal Bureau of Prisons ("BOP") "miscalculated [his] day for day actual days as a pre-trial inmate." Id. at 5. The petitioner requests that this Court "clarify [his] pre-trial actual day for day time spent as a federal inmate in federal custody fighting [his] case [and] to notify [BOP] w[ith] better records showing [his] actual jail day for day in custody dates as far back as Oct[ober] 15[], 2013 till Sept[ember] 18[], 2017." Id. at 8.

The petitioner then filed a "Motion to Clarify Sentencing and Amount of Time Spent Under Federal Jurisdiction Before Sentencing and to Recommend that the Respondent Receive All Pre-trial Jail Credit Earned in Federal Jurisdiction." ECF No. 4. In that motion, the petitioner states that he "was sentenced to a term of 57 months imprisonment and 3 years supervised release on [September 18, 2017] for Racketeering Influenced and Corrupt Organizations Conspiracy[,] . . . [that he] was taken into [f]ederal [c]ustody on October 15, 2013 where he remained until sentencing on September 18, 2017[, and that he] spent 4 1/2 years in [f]ederal [c]ustody, under [f]ederal [j]urisdiction, as a pre-trial inmate before he was sentenced to a term of 57 months." Id. at 1. The petitioner

contends that "[t]he language used . . . at sentencing clearly shows the [petitioner's] [f]ederal sentence was given by the [j]udge, with the belief that the [petitioner's] sentence was no-more than a couple of months from it[s] end, due to the record showing significant pre-trial credit. The record shows that the conversation between the [petitioner's] [a]ttorney, the [Assistant United States Attorney] and the [h]onorable [j]udge spoke about an immediate release for the [petitioner] or possibly a term to be served in the half-way house." Id. at 2. The petitioner alleges that the BOP "miscalculated [his] jail credit and has given [the petitioner] no credit for the 4 1/2 years spent in [f]ederal [c]ustody." Id. Therefore, the petitioner requests that this Court "[c]larify the sentence[,] . . . recommend that the [petitioner] be given credit for time served in [f]ederal [c]ustody[, and] issue findings of fact and rulings of law showing why the [petitioner] should get none of the credit for the 4 1/2 years spent in [f]ederal [c]ustody]." Id. at 2-3.

After filing a motion for extension of time to file an answer (ECF No. 19) that was granted by Magistrate Judge James P. Mazzone (ECF No. 20), the respondent filed a motion to dismiss or, in the alternative, motion for summary judgment. ECF Nos. 22 and 23. The respondent first argues that the petitioner did not administratively challenge the computation of his sentence; therefore, he cannot pursue his claims in this lawsuit. ECF No. 23

at 4-6. Second, the respondent argues that the BOP has broad discretion to compute federal prison sentences. Id. at 6-8. Lastly, the respondent argues that California state authorities retained primary jurisdiction over the petitioner while federal authorities "borrowed" him pursuant to a writ of habeas corpus, and that the state gave petitioner credit toward his state sentence for that time. Id. at 8. The respondent argues that petitioner is not entitled to duplicative credit toward his federal sentence for time that already reduced his state sentence. Id. at 8-9.

The petitioner then responded to the respondent's motion to dismiss or, in the alternative, motion for summary judgment. ECF No. 26. In that response, the petitioner requests that the Court respect the sentencing judge's words during sentencing, and requests the sentencing transcripts, alleging that the transcripts will show the miscalculation of time. Id. at 1-5. The petitioner then proceeds to list "supporting facts." Id. at 5-9.

United States Magistrate Judge Mazzone entered a report and recommendation, in which he recommends that the respondent's motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 22) be granted, the § 2241 petition be denied and dismissed with prejudice, and the petitioner's "Motion to Clarify Sentencing and Amount of Time Spent Under Federal Jurisdiction Before Sentencing and to Recommend That Defendant Receive All Pre-trial Credit Earned in Federal Jurisdiction" (ECF No. 4) be denied as

4

moot. ECF No. 28 at 11. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Id.

The petitioner filed objections after the petitioner was granted an extension to respond to the magistrate judge's report and recommendation (ECF Nos. 29 and 30). ECF No. 31.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

Because the petitioner filed objections to the report and recommendation, this Court reviews the magistrate judge's recommendation de novo as to those findings to which objections were made.

For the reasons stated below, this Court adopts and affirms the report and recommendation of the magistrate judge (ECF No. 28),

and overrules the petitioner's objections (ECF No. 31). This Court further denies the petitioner's "Motion to Clarify Sentencing and Amount of Time Spent Under Federal Jurisdiction Before Sentencing and to Recommend That Defendant Receive All Pre-trial Credit Earned in Federal Jurisdiction" (ECF No. 4) as moot and petitioner's "Motion to Enter Sentencing Hearing" (ECF No. 32) as untimely.

In his objections, the petitioner first indicates that he has requested copies of his sentencing hearing transcripts, and that he cannot continue "forward" if his request is ignored. Id. at 1-3. Second, the petitioner states that he understands that he cannot receive double credit toward his state sentence and federal sentence. Id. at 3. Specifically, the petitioner indicates that his whole argument is based on the sentencing judge's words, and that the sentencing judge has "every right and discretion" to determine how the petitioner's time should be served. Id. at 3-6.

After filing his objections, the petitioner also filed a "Motion to Enter Sentencing Hearing." ECF No. 32. This motion requests copies of the sentencing transcripts. Id. at 1.

Upon de novo review, this Court is of the opinion that the magistrate judge's report and recommendation should be adopted and affirmed in its entirety and the petitioner's objections should be overruled in that the magistrate judge correctly found that, first, since the federal court that sentenced the petitioner did not indicate whether the petitioner's federal sentence should run

consecutively or concurrently to the petitioner's state sentence, the BOP's default position was to calculate the petitioner's sentence as consecutive. Id. at 8-9. Therefore, the magistrate judge correctly concluded that the petitioner's federal sentence was appropriately calculated. Id. at 9.

Second, the magistrate judge correctly found that because the petitioner was transferred to federal authorities pursuant to a writ of habeas corpus, California retained primary custody over the petitioner; and because petitioner cannot receive double credit, he is not entitled to further credit against his federal sentence before the date he completed his state sentence obligations, September 22, 2017. Id. at 10.

For those reasons, the "Motion to Clarify Sentencing and Amount of Time Spent Under Federal Jurisdiction Before Sentencing and to Recommend That Defendant Receive All Pre-trial Credit Earned in Federal Jurisdiction" (ECF No. 4) is denied as moot.

IV. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 28) is hereby AFFIRMED AND ADOPTED and the petitioner's objections (ECF NO. 31) are OVERRULED. Further, petitioner's "Motion to Clarify Sentencing and Amount of Time Spent Under Federal Jurisdiction Before Sentencing and to Recommend That Defendant Receive All Pre-trial Credit Earned in Federal Jurisdiction" (ECF No. 4) is DENIED AS MOOT. Petitioner's "Motion to Enter Sentencing Hearing" (ECF No. 32), filed on January 31, 2019 with his objections to the magistrate judge's report and recommendation, is DENIED AS UNTIMELY.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      February 1, 2019

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE